IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BEARAM, | : | CIVIL ACTION NO. **3:CV-12-2289** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| GEORGE C. WIGEN, | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

**I.     Background.**

On November 11, 2012, Plaintiff, Michael Bearam[1], formerly a federal inmate confined at FCI-Otisville, and currently an inmate confined at the Moshannon Valley Correctional Center[2] ("MVCC"), Decatur Township, Clearfield County, Pennsylvania, filed, *pro se*, a Complaint raising constitutional claims under *Bivens*[3], pursuant to 28 U.S.C. § 1331, in the U.S. District Court for the

---

[1] Bearam filed a previous Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, with this Court. *See* Civil No. 12-2080, M.D. Pa.

[2] MVCC is a private facility located in Decatur Township, Clearfield County, Pennsylvania. (Doc. 10). Defendant notes in his Brief in Support of his Motion to Transfer Case for Improper Venue (Doc. 14) that MVCC's mailing address is in Phillipsburg, Centre County, Pennsylvania, which falls within the Middle District of Pennsylvania, but that MVCC is actually located in the Western District of Pennsylvania. *See* Civil No. 11-117, M.D. Pa. As such, we agree with Defendant that venue of this case lies in the Western District of Pennsylvania.

[3] *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). A *Bivens* action can be brought under 28 U.S.C. §1331 where a federal inmate seeks monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.)

Middle District of Pennsylvania. (Doc. 1).

On December 4, 2012, Plaintiff filed an application to Proceed *In Forma Pauperis*. (Doc. 3). On December 17, 2012, the Court issued an Order and granted Plaintiff's *In Forma Pauperis* Motion and directed service of Plaintiff's Complaint on the sole Defendant George Wigen.[4] (Doc. 7). On January 10, 2013, Attorney John K. Greiner entered his appearance on behalf of Defendant and Defendant waived service of Plaintiff's Complaint. (Docs. 10 & 11).

On February 14, 2013, Defendant filed a Motion to Transfer Case for Improper Venue and a Motion to Dismiss for failure to sate a claim, pursuant to Fed.R.Civ.P. 12(b)(3) and 12(b)(6), along with a Brief in Support of that Motion. (Docs. 13 and 14).

Plaintiff's opposition brief to Defendant's motions was due March 8, 2013, and has not been filed. We, *sua sponte*, gave Plaintiff additional time of almost two weeks to file his opposition brief or explain why he failed to timely file his brief. Thus, we will now discuss Defendant's unopposed Motions. **(Doc. 13).**

## II. Discussion.

Initially, as stated, Plaintiff failed to timely file his opposition brief to Defendant's Doc. 13 Motions, and he did not request more time to do so. Also, we gave Plaintiff additional time to file his opposition brief and he still failed to file one. As such, we construe Plaintiff as not opposing Defendant's Doc. 13 Motions. *See* Local Rule 7.6, M.D. Pa.

---

[4]Defendant is the Warden of MVCC. Defendant states in his Motion to Transfer Case for Improper Venue and in his Brief in Support (Docs. 13 and 14) that he was erroneously identified as George C. "Wigens." We will refer to Defendant in this R&R by his correct name, George C. Wigen.

2

We find that Plaintiff's constitutional claims against Defendant Wigen should be transferred to the District Court for the Western District of Pennsylvania.[5] Plaintiff is mainly alleging that Defendant was in violation of the Eighth Amendment by failing to provide proper medical care while Plaintiff was an inmate at MVCC, which is located in Decatur Township, Clearfield County, Pennsylvania. Plaintiff's claims against Defendant Wigen allegedly occurred in Clearfield County, Pennsylvania, within the jurisdiction of the District Court for Western District of Pennsylvania. Defendant Wigen is located in the Western District of Pennsylvania, and his alleged unconstitutional conduct occurred during the Plaintiff's confinement in that District. The alleged conduct of the stated Defendant does not appear to have occurred in the Middle District of Pennsylvania. It appears that Plaintiff filed his present action in the Middle District of Pennsylvania simply because the mailing address of MVCC is in the Middle District. Thus, neither Plaintiff nor Defendant have any connection with the Middle District of Pennsylvania, and Plaintiff's claims did not arise in the Middle District.

We will recommend that Plaintiff's constitutional claims against Defendant Wigen be transferred to the District Court for the Western District of Pennsylvania, since this is the more convenient forum regarding these claims, pursuant to 28 U.S.C. §1404(a). The District Court of Western District of Pennsylvania clearly would have jurisdiction over Defendant Wigen and over Plaintiff's claims, all of which arose in Clearfield County, Pennsylvania. *See Abuhouran v. Kaiserkane, Inc.*, Civil No. 10-2281, M.D. Pa. (12-20-10 Order). As stated, no party has any connection with the Middle District and Plaintiff's claims did not arise in the Middle District of Pennsylvania.

---

[5]See *Washington v. Grace*, 2010 WL 4922912, *7 & *10 (M.D. Pa. 11-9-10).

In *Washington v. Grace*, 2010 WL 4922912, *10-*11 (M.D. Pa. 11-9-10), the Court stated:

> When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the Court. Under 28 U.S.C. § 1406:
>
>> The district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought.
>
> 28 U.S.C.. § 1406(a).

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3; *Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10 Memorandum; *Abuhouran v. Kaiserkane, Inc.*, *supra*.
>
> In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:
>
> It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski,* 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

4

In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

> "the purpose of [§ 1404(a) ] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotations omitted). Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted."*Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638, 640 (E.D. Pa. 2003)."

The *Brown* Court considered all of the relevant factors and found that since the alleged actions by Plaintiff Brown occurred while he was an inmate at SCI-Pittsburgh and SCI-Fayette, both located in the Western District of Pennsylvania, the relevant Defendants were located in the Western District of Pennsylvania, and "practical considerations dictate[d] that the action should be transferred to the Western District," the Court transferred Plaintiff Brown's Amended Complaint to the Western District of Pennsylvania. *Id.*, *2-*3.

The *Brown* Court stated that courts generally consider the following factors in deciding whether to transfer a case to another district:

> (1) the plaintiff's choice of forum; (2) the defendant's preference;
> (3) where the claim arose; (4) the convenience of the parties; [sic]
> (4) the convenience of the witnesses, but only to the extent that
> the witnesses may actually be unavailable for trial in one of the fora;
> (5) the location of books and records, similarly limited to the extent
> that the files could not be produced in the alternative forum;
> (6) the enforceability of the judgment; (7) practical considerations that
> could make the trial easy, expeditious, or inexpensive; (8) the
> relative court congestion in the competing courts; (9) the local interest
> in deciding local controversies at home; (10) the public policies of
> the fora; (11) and the familiarity of the trial judge with the applicable
> state law.

*Id*. at \*2(citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).[6]

Based on the above analysis of the relevant factors as they pertain to the instant case, specifically regarding the listed factors 1, 3, 4, 7, and 9, we find that the factors weigh in favor of transferring Plaintiff Bearam's case as against Defendant Wigen to the District Court for the Western District of Pennsylvania. *See Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation*, 2009 WL 129740 (E.D. Pa.); *Washington, supra*. In fact, as Defendant points out, the District Court for the Middle District of Pennsylvania has previously transferred cases brought against MVCC and its staff to the Western District of Pennsylvania. *See* Civil No. 11-117, M.D. Pa. and Civil No. 09-1058, M.D. Pa.; *see also Tsoukalas v. U.S.*, 215 Fed.Appx. 152 (3d Cir. 2007). (Doc. 14, p. 3). We take judicial notice of the two cited Middle District of Pennsylvania cases.

Therefore, we find that for the convenience of the parties, the instant case should be transferred to the District Court for Western District of Pennsylvania as against Defendant Wigen. *See Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, \*3 citing *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007); *Washington v. Tank Industry Consultants, Inc.*, 2008 WL 4916038 (E.D. Pa. 11-14-08); *Abuhouran v. Kaiserkane, Inc.*, *supra*.; *Tsoukalas v. U.S.*, *supra*.

We will recommend that Defendant Wigen's Motion to Transfer Case for Improper Venue (Doc. 13) be granted, and that Plaintiff's claims against Defendant be transferred to the District Court for the Western District of Pennsylvania. As discussed, neither Defendant Wigen

---

[6]The quote from *Brown* contained two factors number (4).

6

nor Plaintiff's claims against him have any connection with the Middle District of Pennsylvania. Furthermore, we recommend that the Court defer to the transferee court for ruling on Defendant's Motion to Dismiss under Rule 12(b)(6).[7]

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that Defendant's Motion to Transfer Case for Improper Venue **(Doc. 13)**, pursuant to Fed.R.Civ.P. 12(b)(3), be granted, and that this case be transferred to the District Court for the Western District of Pennsylvania.

 s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 20, 2013**

---

[7]As stated above, we recommend that the Court defer to the transferee court the determination on Defendant's Motion to Dismiss. However, we agree with Defendant in their Brief (Doc. 14) that a *Bivens* claim cannot be asserted against the employees of a privately operated prison. *See Ruiz v. Federal Bureau of Prisons*, 481Fed.Appx. 738 (3d Cir. 2012)(The Third Circuit held that an inmate could not bring a *Bivens* claim against a facility or private corporation that owned and operated it and, that an inmate could not bring a *Bivens* claim against the corporation's individual employees.); *see also Perez-Barron v. U.S.*, 480 Fed. Appx. (3d Cir. 2012).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BEARAM, | : | CIVIL ACTION NO. **3:CV-12-2289** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| GEORGE C. WIGEN, | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 20, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                                       s/ Thomas M. Blewitt
                                                                       **THOMAS M. BLEWITT**
                                                                       **United States Magistrate Judge**

**Dated: March 20, 2013**