IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL BEARAM,
       Plaintiff
   v.
GEORGE C. WIGEN, WARDEN,
MOSHANNON VALLEY CORRECTIONAL
CENTER,
       Defendant

Case No. 3:13-cv-91-KRG-KAP

Report and Recommendation

Recommendation

      Plaintiff Michael Bearam, an inmate at Moshannon Valley Correctional Center, filed a complaint in the Middle District of Pennsylvania against the warden at Moshannon Valley. That court transferred the matter here. After screening the complaint under 28 U.S.C.§ 1915A, and considering defendant's motion to dismiss, docket no. 13, I recommend that the defendant's motion be granted and the complaint be dismissed for failure to state a claim. 28 U.S.C.§ 1915(e)(2)(B). Plaintiff is not given leave to amend.

Report

      Bearam filed a complaint in this court at Bearam v. Wigen, Case No. 3:13-cv-50-KRG-KAP (W.D.Pa. April 10, 2013), appeal docketed No. 13-2167 (3d Cir.), complaining about the medical care provided since his arrival at Moshannon Valley. The Court dismissed that complaint and plaintiff has filed a notice of appeal.

      This complaint, transferred from the Middle District with a motion to dismiss pending, is a duplicate or parallel complaint expressing the same dissatisfactions with medical care. As the

defendant points out, the Supreme Court has held that no <u>Bivens</u> action exists in the type of complaint filed by plaintiff, and

> [Where] a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.

<u>Minneci v. Pollard</u>, 132 S. Ct. 617, 626 (2012). The complaint should also be dismissed for the reasons explained in Case No. 3:13-cv-50-KRG-KAP. Because there is no point in having two complaints open concerning the same claims, if the Court of Appeals were to decide that plaintiff should be allowed to pursue amendment of his complaint at Case No. 3:13-cv-50-KRG-KAP, and if this complaint stated a claim against defendant, this matter should still be dismissed as duplicative under Fed.R.Civ.P. 42(a)(2).

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. Under <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002), plaintiff is not given leave to amend his complaint within the same time.

DATE: April 29, 2013

Keith A. Pesto,
United States Magistrate Judge

2

Notice to counsel of record by ECF and by U.S. Mail to:

    Michael Bearam, Reg. No. 63141-053
    Moshannon Valley Correctional Center
    P.O. Box 2000
    Philipsburg, PA 16866-0798